UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

DONALD LEE ARMOUR,

        Plaintiff,

        v.                                  No. 2:17 CV 50

ERIC TCHAPTCHET,

        Defendant.

## OPINION and ORDER

Donald Lee Armour, a prisoner without a lawyer who was housed at the Porter County Jail during the time period in question, was granted leave to proceed against Dr. Eric Tchaptchet for deliberate indifference to his undiagnosed neuropathy from July 18, 2016, through September 22, 2016, and for deliberate indifference to his two ischemic attacks on August 18–19, 2016, until his transfer on October 4, 2016, both in violation of the Fourteenth Amendment. (DE # 17.) Dr. Tchaptchet never appeared to defend the lawsuit, so the Clerk of Court entered default against him pursuant to Federal Rule of Civil Procedure 55(a). (*See* DE # 29.) Armour subsequently filed a second motion for default judgment (DE # 37),[1] which the court granted in part and denied in part. (*See* DE # 40.) Specifically, the court reviewed the evidence submitted by Armour and found that, "[w]hile it is clear Armour has a variety of long-term medical ailments, he has not

---

[1] Armour's first motion for default judgment (DE # 30) was denied with leave to refile. (*See generally* DE # 34 (analyzing the affidavits and evidence Armour had provided, determining that he had not sufficiently tied the allegations in the complaint to his requested damages, and granting him additional time to gather the relevant evidence regarding his requested damages in in order to refile his motion).)

sufficiently proven that the actions of Dr. Tchaptchet caused any of those symptoms or issues." (*See id*. at 8.) Thus, Armour's request for compensatory damages on that basis was denied. (*Id*. at 5–8.) However, the court determined Armour's complaints of "pain and suffering related to his undiagnosed neuropathy from July 18, 2016, to September 22, 2016, and the pain he experienced as a result of the two TIAs on August 18–19, 2016, up until the time of his transfer on October 4, 2016," could provide the basis for an award of damages because pain and suffering alone caused by a delay in providing treatment can be actionable. (*Id*. at 8–9.) Accordingly, the matter was referred to Magistrate Judge Rodovich for a hearing and report and recommendation on those specific potential damages. (*Id*. at 12.) Judge Rodovich held the evidentiary hearing (DE # 43) and has submitted the Report and Recommendation for the court's consideration. (DE # 45.)

A district court's review of a Magistrate Judge's report and recommendation is governed by 28 U.S.C. § 636(b)(1), which provides in part:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

However, pursuant to Federal Rule of Civil Procedure 72(b), the Court must only make a de novo determination of those portions of the Magistrate Judge's report and recommendation to which specific written objections have been made. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). If no objection or only a partial objection is

2

made, the Court reviews those unobjected portions for clear error. *Id*. In addition, failure to file objections with the district court "waives the right to appeal all issues addressed in the recommendation, both factual and legal." *Id*. Under the clear error standard, the Court can only overturn a Magistrate Judge's ruling if the Court is left with "the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997).

As noted above, both 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b) require that any objections to the Report and Recommendation be filed with the court. Here, the Report and Recommendation itself gave Armour notice "that within 14 days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings and/or recommendations." *Id*. at 13. It also noted that "[f]ailure to file objections within the specified time waives the right to appeal." *Id*. The objection period has passed,[2] and Armour has not responded in any way. Consequently, the court considers there to be no objections to the Report and Recommendation.

*Discussion and Analysis*

In general, once a default is entered, "the well-pleaded allegations of the complaint relating to liability are taken as true . . .." *Merrill Lynch Mortg. Corp. v. Narayan*, 908 F.2d 246, 253 (7th Cir. 1990) (citations omitted); *but see* 10A Charles Alan

---

[2] Fourteen days from the date the order was docketed was February 14, 2022. *See* Fed. R. Civ. P. 6(a). However, because Armour has been served by mail throughout this case, three days were added to the expiration period. *See* Fed. R. Civ. P. 6(d).

3

Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2688.1 (4th ed. 2019) ("[A] party in default does not admit conclusions of law."); *Rosenbaum v. Seybold*, No. 1:06-CV-352-TLS, 2013 WL 633284, at *7 (N.D. Ind. Feb. 20, 2013) (conclusions of law not deemed admitted). However, "[e]ven when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true. The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004) (citation omitted); *see also Yang v. Hardin*, 37 F.3d 282, 286 (7th Cir. 1994) (*citing United States v. DiMucci*, 879 F.2d 1488, 1497 (7th Cir. 1988)). A default judgment may not be entered without a hearing pertaining to damages unless "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007) (*quoting Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)).[3] The court may conduct hearings or make referrals to "determine the

---

[3] Of note, absent specific statutory provisions not relevant here, there is no absolute right to a jury trial on damages in cases where a default has been entered. *See Sells v. Berry*, 24 Fed. Appx. 568, 571–72 (7th Cir. 2001) ("In the case of a default, only 28 U.S.C. § 1874 may guarantee a right to a jury trial, and that statute applies only to actions to recover the forfeiture annexed to any articles of agreement, covenant, bond, or other specialty.") (internal quotation marks and citation omitted); *see also Olcott v. Delaware Flood Co.*, 327 F.3d 1115, 1124 (10th Cir. 2003) (same, collecting cases); *Graham v. Malone Freight Lines, Inc.*, 314 F.3d 7, 16 (1st Cir. 1999) ("Neither the Seventh Amendment nor the Federal Rules of Civil Procedure require a jury trial to assess damages after entry of default in these circumstances."); *Dierschke v. O'Cheskey*, 975 F.2d 181, 185 (5th Cir. 1992) ("[I]n a default case neither the plaintiff nor the defendant has a constitutional right to a jury trial on the issue of damages."); 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2688 (4th ed. 2019) ("But neither side has a right to a jury trial on damages.").

4

amount of damages" and "establish the truth of any allegation by evidence." Fed. R. Civ. P. 55(b)(2); *see also Quirindongo Pacheco v. Rolon Morales*, 953 F.2d 15, 16 (1st Cir. 1992) (before holding a hearing to "establish the truth of any averment" in the complaint, the court should make "its requirements known in advance" so that the plaintiff can "understand the direction of the proceeding and marshall such evidence as might be available [to him].").

This court has reviewed the Report and Recommendation of Judge Rodovich which will be attached to this order, as well as the exhibits submitted at the hearing (*see* DE # 44) and the transcript (DE # 46). The court agrees with Judge Rodovich's recitation of the background information from the amended complaint. (DE # 45 at 2–4.) Those undisputed assertions—combined with the findings of fact gleaned during the hearing as set forth in the Report and Recommendation (*id*. at 4–6) and the medical evidence previously analyzed by this court[4]—sufficiently show Dr. Tchaptchet caused Armour pain and suffering related to his undiagnosed neuropathy from July 18, 2016, to September 22, 2016, and pain and suffering related to the two TIAs on August 18–19, 2016, up until the time of his transfer on October 4, 2016. *See Tate v. Troutman*, 683 F. Supp. 2d 897, 907 (E.D. Wis. 2010), *aff'd sub nom Tate v. Riegert*, 380 Fed. Appx. 550 (7th Cir. 2010) ("[T]o recover damages [in a default judgment proceeding] a plaintiff must prove that the Defendants caused the damages he sustained.").

---

[4] *See generally* DE # 40 which will also be attached to this order (analyzing, in detail, the affidavits and medical evidence submitted by Armour).

5

Moreover, although damages for pain and suffering can be notoriously "difficult to quantify," *Hendrickson v. Cooper*, 589 F.3d 887, 892 (7th Cir. 2009), the court agrees with Judge Rodovich's determination that judgment in the amount of $24,500 is "rationally connected" to Armour's self-reported claims of pain and suffering and that the amount will "fairly compensate" him for those damages. *See id*. at 892–93. Judge Rodovich's analysis of multiple comparable awards is thorough and persuasive, and the majority of the average awards delineated in his order are consistent with the $24,500 recommendation here. Accordingly, the court finds that there is no clear error in the Report and Recommendation.

For these reasons, the court:

(1) **DIRECTS** the Clerk to attach a copy of DE # 40 & DE # 45 to this order;

(2) **ADOPTS** the Report and Recommendation (DE # 45) in its entirety;

(3) **ORDERS** that default judgment be granted in Donald Lee Armour's favor in the amount of $24,500 against Dr. Eric Tchaptchet;

(4) **DIRECTS** the Clerk to enter a final judgment stating that Donald Lee Armour is entitled to the relief described above; and

(5) **DIRECTS** the Clerk to close this case.

**SO ORDERED.**

Date: February 18, 2022

                             s/James T. Moody
                             JUDGE JAMES T. MOODY
                             UNITED STATES DISTRICT COURT